**HOWARD UNIVERSITY HOSPITAL, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,**

and

**Ellavane Petway, Intervenor.**

No. 09–AA–548.

District of Columbia Court of Appeals.

Argued March 11, 2010.
Decided May 6, 2010.

William H. Schladt, Rockville, MD, for petitioners.

Eric M. May, Washington, DC, for intervenor.

Peter J. Nickles, Attorney General, for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and David A. Hyden, Assistant Attorney General, filed a statement in lieu of brief in support of intervenor.

Before FISHER, Associate Judge, and FERREN and BELSON, Senior Judges.

FISHER, Associate Judge:

Petitioners challenge a decision of the Compensation Review Board ("the Board") which upheld concurrent awards of temporary total disability benefits due to a back impairment and permanent partial disability benefits ("schedule awards") based on impairments to claimant's legs caused by the same work injury. We affirm, publishing this opinion primarily to disapprove a portion of the Board's decision which may lead to error in future cases.

## I. The Basic Facts

On August 19, 2002, claimant Ellavane Petway ("claimant" or "Ms. Petway") injured her lower back while working as a housekeeper at Howard University Hospital. In a compensation order issued in 2003, an Administrative Law Judge ("ALJ") awarded temporary total disability benefits which are still being paid. Petitioners do not challenge this order, acknowledging that the issue was adjudicated in a prior formal hearing. In 2008, however, a different ALJ awarded Ms. Petway permanent partial disability benefits for a 25% impairment to each of her lower extremities ("schedule awards" [1]), to be paid concurrently with the ongoing temporary total disability benefits for the impairment to her back.

Petitioners make a spirited challenge to this new award, arguing (1) that Ms. Petway is not entitled to benefits for a scheduled loss when she did not injure a scheduled member; (2) that the statute does not permit concurrent awards of temporary total disability benefits and permanent partial disability benefits; and (3) that the ALJ's finding that Ms. Petway has "separate and distinct disabilities" is not supported by substantial evidence. These arguments have significant logical force, but they are either foreclosed by our prior decisions, attack agency interpretations of the statute to which we must defer, or are contradicted by the record. It may be, as petitioners urge, that the workers' compensation system is ripe for reform, but that is a task to be undertaken by the Department of Employment Services and the legislature, not by this court.

## II. The Schedule Awards

Petitioners argue that claimant was not entitled to schedule awards for the impairments to her legs because she injured her back, not her legs, and the back itself is not listed under the schedule provisions. Acknowledging that there are precedents upholding schedule awards of this nature, they ask us to disapprove a seminal decision by the Director of the Department of Employment Services which held that a claimant may be entitled to a schedule award when an injury to a non-scheduled part of the body affects a scheduled body part. *Kovac v. Avis Leasing Corp.*, H & AS No. 84–177 (Director's Decision, July 17, 1986) (approving a schedule award for permanent partial disability in worker's right leg, although he had injured his back, not his leg, at work). In *Kovac* the Director decided that "it is not the situs of the injury which determines whether a schedule award is payable; it is the situs

1. "A 'schedule award' refers to the formula for compensating permanent partial disability described in D.C.Code § 32–1508(3)(A)–(S) (2001 & Supp.2008), which lists certain parts of the body. If one of these parts is permanently disabled, the worker is entitled to disability payments based on the number of weeks' compensation listed for that body part." *Washington Metropolitan Area Transit Authority v. District of Columbia Dep't of Employment Servs. (Boyd)*, 965 A.2d 1, 2 n. 1 (D.C.2009).

of the disability resulting from the injury which is controlling." *Kovac,* at 6.[2]

We defer to an agency's interpretation of a statute it administers unless the "interpretation is unreasonable or in contravention of the language or legislative history of the statute...." *Watergate East Comm. Against Hotel Conversion v. District of Columbia Zoning Comm'n,* 953 A.2d 1036, 1043 (D.C.2008) (quotations and citations omitted). "[W]e must sustain the agency's interpretation even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance." *Howard University Hosp. v. District of Columbia Dep't of Employment Servs. (Tommie Ambrose),* 952 A.2d 168, 173–74 (D.C.2008) (internal quotation marks and citation omitted).

■ Petitioners' argument must fail because we have previously considered the *Kovac* decision and "conclude[d] that it is a reasonable interpretation [of the Workers' Compensation Act] and certainly not contrary to law." *Washington Metropolitan Area Transit Authority v. District of Columbia Dep't of Employment Servs. (Chang),* 683 A.2d 470, 475 (D.C.1996). One panel of this court may not overrule another, *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971), and the Director obviously has not abandoned *Kovac.* The *Kovac* decision is no less reasonable today than it was when we decided *Chang.*

## III. Concurrent Benefits

■ Petitioners also argue that it is illogical to award concurrent benefits for both temporary total disability and permanent partial disability. How, they ask, is it possible to be both totally disabled and partially disabled at the same time? How can a worker be, at one time, both temporarily and permanently disabled? They also assert that "[a] claimant cannot be more than 100%, or totally, disabled whether that total disability be temporary or permanent." These arguments based on policy and logic must confront the language of the statutory provision for schedule awards, which states:

> In case of disability partial in character but permanent in quality, the compensation shall be 66 2/3% of the employee's average weekly wages *which shall be in addition to* compensation for temporary total disability or temporary partial disability paid in accordance with paragraph (2) or (4) [3] of this subsection respectively, and shall be paid to the employee, as follows: [listing the scheduled parts of the body].

D.C.Code § 32–1508(3) (emphasis added). Petitioners respond that "in addition to" does not necessarily mean "concurrently," as opposed to sequentially. We agree, but neither does this language forbid concurrent benefits, and petitioners have not cited any legislative history or persuasive precedent to demonstrate that the Board's interpretation of the statute is unreasonable.

In the recent *Ambrose* decision, this court considered whether the Act authorizes concurrent benefits for *permanent* total disability and permanent partial disability.[4] Although "entertain[ing] consid-

---

**2.** The Director did not decide in *Kovac* whether concurrent benefits could be paid. *Id.* at 7.

**3.** We have explained that "[t]he reference to paragraph (4) is a mistake; it is readily apparent ... that the phrase should read 'in accordance with paragraph (2) or (5)....' "

*Smith v. District of Columbia Dep't of Employment Servs.,* 548 A.2d 95, 98 n. 4 (D.C.1988).

**4.** We said in *Ambrose* that "the claimant may be entitled to compensation for permanent partial disability concurrently with benefits

erable doubt" that concurrent benefits were authorized, 952 A.2d at 170, we remanded for the Board to consider the issue anew, emphasizing two central concerns. We identified "[t]he normal rule ... that, since a person can be no more than totally disabled at a given point, he or she cannot be awarded both total permanent and permanent partial benefits for the same injurious episode...." *Id.* at 175 (italics omitted) (quoting A. LAR-SON, LARSON'S WORKERS' COMPENSATION LAW § 92.01[2] (2000)). We also highlighted the "in addition to" language in D.C.Code § 32–1508(3), which we have quoted above, pointing out that "there is no comparable provision for *permanent* total disability. *Expressio unius est exclusio alterius.*" 952 A.2d at 174 (italics in original) (footnote omitted).

On remand, after a thorough discussion of the statutory language and existing precedent, the Board "held that an injured worker is not entitled to receive permanent partial disability benefits (a 'schedule award') pursuant to D.C. Official Code § 32–1508(3) concurrently with permanent total disability benefits pursuant to D.C. Official Code § 32–1508(1)." *Tommie Ambrose v. Howard University,* CRB No. 06–23(R), 2008 WL 3338457, at *3 (July 22, 2008). But this case involves *temporary* total disability benefits, and the pertinent statutory provisions are different.

When it first reviewed this case, before the *Ambrose* decisions were issued, the Board noted that "the question of whether concurrent schedule and wage loss benefits can be awarded has been resolved by this Board previously," and it readily affirmed "the ALJ's determination that an award of concurrent temporary total disability benefits and schedule loss benefits is allowable

under the Act...." The Board remanded "for further findings of fact concerning whether the non-schedule impairment is a cause or contributing factor of the ongoing wage loss."

When the matter returned, after remand, the Board noted that petitioners again raised the question, "in light of *Ambrose,* whether the concurrent disability awards are consistent with the statutory scheme and permissible under current law." Without extended discussion, the Board remarked: "The *Ambrose* decision of the Court, as further refined in the Board's *Ambrose* decision on Remand, supports the Respondent's position in the instant matter." It held that the compensation order was "fully in accordance with the law to the extent that the current case law does not constrain the ALJ from awarding concurrent wage loss and schedule loss benefits."

Petitioners rightly point out that the award of concurrent benefits may give the injured employee a financial incentive to stay at home rather than return to work, and perhaps the legislature meant something different when it used the words "in addition to." Recognizing, however, that D.C.Code § 32–1508(3) expressly authorizes a schedule award "*in addition to* compensation for temporary total disability or temporary partial disability[,]" we cannot say that the Board's interpretation of the statute is unreasonable.

## IV. Separate and Distinguishable Disabilities

■ Finally, we reach petitioners' third argument, and the reason for publishing this opinion. Petitioners assert that the ALJ erred in finding that the injuries to

for *temporary* disability, whether total or partial," 952 A.2d. at 174, but this passage was dictum because the issue was not before us.

Ms. Petway's low back and to her lower extremities were "separate and distinct disabilities" as described in *Morrison v. District of Columbia Dep't of Employment Servs.*, 736 A.2d 223 (D.C.1999). In *Morrison* we considered "whether an injured worker may receive benefits for more than one disability resulting from the same injury." *Id.* at 224. The District of Columbia Department of Employment Services had determined that Mr. Morrison was entitled to a schedule award based on a permanent partial disability in his right arm, but he argued that he was entitled to additional, permanent partial ("non-schedule") disability benefits for his shoulder disability. We remanded for further findings, holding that, "[s]hould the agency make a factual finding that petitioner suffered a shoulder disability, petitioner may obtain both schedule and non-schedule benefits upon proof that his 'separate and distinguishable' shoulder disability led to wage loss." *Id.* at 228.

When it reviewed the present case in 2008, the Board affirmed "the ALJ's determination that an award of concurrent temporary total disability benefits and schedule loss benefits is allowable under the Act," but, referring to *Sullivan*,[5] its own gloss on *Morrison*, it remanded "for further findings of fact concerning whether the non-schedule impairment is a cause or contributing factor of the ongoing wage loss." ALJ McCoy found on remand that "Claimant's back injury, independent of her lower extremities, makes her unable to return to her pre-injury job, [and] allows her to also recover for the wage loss attributable to that non-schedule anatomical work injury." In other words, Ms. Petway's "continuing entitlement to wage loss

benefits is based on the work injury to her back, a non-schedule body part."

When it reviewed this case once more, the Board affirmed, noting that "the ALJ provided a thorough and appropriate response to the Board's directive," and "that the Compensation Order on Remand ... is correct in concluding that Respondent's non-schedule low back condition remains an independent cause of her wage loss...." Moreover, the Board concluded, "the current case law does not constrain the ALJ from awarding concurrent wage loss and schedule loss benefits."

We will uphold the agency's factual findings if they are supported by substantial evidence, meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *King v. District of Columbia Dep't of Employment Servs.*, 560 A.2d 1067, 1072 (D.C. 1989) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). In this case, the findings of separate and distinct disabilities are supported by substantial evidence, and the ruling awarding benefits is not contrary to law.

We are puzzled by one portion of the Board's Decision and Order, however. After discussing our decision in *Ambrose* and its own decision on remand in *Ambrose*, the Board stated that "the ALJ's analysis, while appropriate, was rendered unnecessary by the *Ambrose* decisions of the Court and the Board. Those decisions support the determination that entitlement to concurrent awards no longer requires analysis of the separateness or distinctiveness of the situs of the injuries."[6] Peti-

---

5. *Sullivan v. Boatman & Magnani*, CRB No. 03–74, 2005 WL 3271742 (Aug. 31, 2005).

6. Before making this statement, the Board also said that, "when the issue is entitlement

to *permanent* total disability concurrently with schedule awards, consideration of whether there is a separate and distinct functional incapacity between two disabling anatomic areas is immaterial." (Emphasis in original.)

tioners protest that in this discussion the Board effectively overruled our decision in *Morrison.* Ms. Petway disavows this part of the Board's decision, characterizing it as dictum.

■ Nothing in our decision in *Ambrose* purports to overrule *Morrison,* and a panel of this court could not do so, even if it wanted to. *M.A.P. v. Ryan,* 285 A.2d at 312. *Morrison* involved claims for two different types of *partial* disability benefits, and we did not have occasion to interpret the "in addition to" language that is central to this case. In that context, we held that, "[s]hould the agency make a factual finding that petitioner suffered a shoulder disability, petitioner may obtain both schedule and non-schedule benefits upon proof that his 'separate and distinguishable' shoulder disability led to wage loss." 736 A.2d at 228. Although the decisions in *Ambrose* now clarify that there are circumstances where an injured worker is *not* entitled to concurrent benefits, even upon proof of a "separate and distinguishable" disability resulting in wage loss, proof of a "separate and distinguishable" disability is still a prerequisite to receiving temporary total disability benefits concurrently with a schedule award.

Although we disapprove the Board's comments, they do not invalidate its decision. The Board mistakenly thought that the ALJ's analysis "was rendered unnecessary by the *Ambrose* decisions of the Court and the Board[,]" but it nevertheless analyzed the record and concluded that "there is substantial record evidence to support the [ALJ's] finding that Respondent has separate and distinguishable

schedule and non-schedule disabilities such as would warrant concurrent awards, as well as the conclusion that her low back injury is separate, distinct, and independent of the lower extremities, such that the back injury resulted in an independent wage loss." We agree.

## V. Conclusion

Because it is supported by substantial evidence, and is not contrary to law, the decision of the Board is hereby

*Affirmed.*

---

We agree with this statement to the extent it recognizes that, in certain circumstances, the *Ambrose* decisions now preclude concurrent benefits even if the claimant has shown separate and distinguishable disabilities. But this case involves *temporary* total disability. Nothing in this opinion or in our *Ambrose* decision should be read to suggest that an injured worker will be entitled to receive temporary total disability benefits concurrently with a schedule award *without* making the showing of *separate and distinguishable disabilities* required by *Morrison.*